**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| **INTELLIGENT AGENCY, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**NEIGHBORFAVOR, INC.,**<br><br>    **Defendant.** | **CIVIL ACTION NO.: 1:23-cv-851**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
AGAINST NEIGHBORFAVOR, INC.**

1.      This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement, in which Intelligent Agency, LLC ("Intelligent Agency" or "Plaintiff") makes the following allegations against Neighborfavor, Inc. ("Neighborfavor" or "Favor").

**PARTIES**

2.      Plaintiff Intelligent Agency is a Texas limited liability company having its primary office at 4507 Byron Circle, Irving, TX 75038-6324. The owner of Intelligent Agency is Mr. Federico Fraccaroli.

3.      On information and belief, Defendant Neighborfavor is a Delaware corporation having a principal place of business at 1705 Guadalupe Street, Suite 300, Austin, Texas 78701-1273.   On information and belief, the registered agent for service of process in Texas for Neighborfavor is Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

## JURISDICTION AND VENUE

**4.**     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**5.**     Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. On information and belief, Neighborfavor maintains at least one regular and established place of business in this Judicial District and has committed acts of patent infringement in this Judicial District by using, selling and/or offering for sale infringing instrumentalities to customers in this Judicial District.

**6.**     Neighborfavor is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their presence and substantial business in this forum, including: (i) maintaining a physical presence in this forum; (ii) committing at least a portion of the infringements in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## FACTUAL BACKGROUND OF THE PATENTED TECHNOLOGY

**7.**     Federico Fraccaroli is an American technologist, inventor, author, and entrepreneur. Mr. Fraccaroli has been recognized for his innovations and contributions to the body of technical knowledge. This recognition includes, but is not limited to, the publication of Mr. Fraccaroli's technical articles in prestigious international technical journals, as well as well-attended public events featuring Mr. Fraccaroli as a speaker. Recently, one of Mr. Fraccaroli's innovative projects was named as a finalist for the Innovation Award at SXSW® 2018, one of the most prominent events in the U.S showcasing emerging technologies.

8.      A list of Mr. Fraccaroli's recent publications includes Wearable Electronics Directional Augmented Reality, University Booth, Proc. of IEEE Design, Automation and Test in Europe, Lausanne (CH), Mar. 28-30, 2017; Demo Abstract: Low-Complexity Eyewear System for Direction-based Augmented Reality Applications. Proc. of ACM Conf. on Embedded Network Sensor Systems (SenSys), Delft (NL), Nov. 5-8, 2017; and A System C-based Simulator for Design Space Exploration of Smart Wireless Systems, Dresden (DE), Proc. of IEEE Design, Automation and Test in Europe, Mar. 19-23, 2018.

9.      Mr. Fraccaroli is the named inventor of a variety of patents on novel and innovative inventions across a variety of technological fields, including telecommunications, location-based services, augmented reality, and embedded systems.  His inventive activity spans more than twenty years. Some of Mr. Fraccaroli's inventions from the nineties have proven essential to certain location-based services.

10.     Mr. Fraccaroli is the inventor of United States Utility Patent No. 11,395,093, entitled, "Method, system and apparatus for location-based machine-assisted interactions" (the "'093 Patent").

11.     The '093 Patent was duly and legally issued by the United States Patent and Trademark Office on July 19, 2022.

12.     The '093 Patent is valid and enforceable in all respects and is attached as Exhibit A to this Complaint.

13.     Plaintiff Intelligent Agency is the owner of all right, title, and interest in and to the '093 Patent, including the right to recover damages for infringement of the '093 Patent.

14. The disclosure and claims of the '093 Patent are directed to a variety of methods, systems, and tools for location-based, machine-assisted interactions.

15. Specifically, the '093 Patent is directed to linking a first user, belonging to a predetermined first group of users, with a session area according to at least one location-based parameter via a first mobile equipment apparatus associated with said first user, wherein said session area is anchored to one fixed reference location and said session area is one area whose borders, predetermined functionalities, and associated data are controlled, at least in part, by a server serving at least one principal.

16. The '093 Patent is further directed to enabling at least one communication functionality, wherein said first user receives digital indicia related to said session area via said first mobile equipment apparatus.

17. The '093 Patent is further directed to linking a predetermined second group of agents associated with a plurality of agent equipment apparatuses to said session area.

18. The '093 Patent is further directed to dynamically enabling and disabling a plurality of IDs, belonging to said predetermined second group of agents associated with said plurality of agent equipment apparatuses, wherein said dynamically enabling and disabling allows and disallows the participation to a pool of active IDs of an agent equipment apparatus among said plurality of agent equipment apparatuses by prompting a timer functionality associated to said agent equipment apparatus and when said server serving at least one principal does not receive a predetermined data signal from said agent equipment apparatus before the expiration of said timer functionality then said server serving at least one principal stops sending supplementary requests for interactions to said agent equipment apparatus for at least a predetermined time window.

[4]

19.     As described in the notice of allowance of the '093 Patent in regard to 101 "[t]he recited limitations provide an improvement to the field where the server is provided the ability to dynamically activate and deactivate service provider (agent) devices within the defined location based session area based on their inactivity and by doing so has the ability to improve the load of requests that are distributed to the service provider devices from the server by reducing the number of devices and redistributing the load of request to the active device within the session area."

20.     The '093 Patent is further directed to selecting said agent equipment apparatus based, on at least one of a prior amount of interaction activities data, a responsiveness to an electronically monitored task that is regulated by a timer initiated by said server serving at least one principal, a recurrence within said session area data, and an amount of time spent within said session area data, such that a pairing between said agent equipment apparatus and said first equipment apparatus occurs.

21.     Finally, the '093 Patent is directed to providing indicia pertaining to said agent equipment apparatus to said first mobile equipment apparatus.

22.     The claims of the '093 patent are focused on advances over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. 101.  Specifically, beyond the general use of a processor, server and memory to implement location-based interactions, the recited limitations provide an improvement to the field wherein the server is provided the ability to dynamically activate and deactivate service provider (agent) devices within the defined location-based session area based on their inactivity and by doing so has the ability to improve the load of requests that are distributed to the service provider devices from the server by reducing the number of devices and redistributing the load of request to the active device within the session area.

[5]

23.     The inventions claimed in the '093 patent were not well-understood, routine, or conventional as of the priority date of the '093 patent, but instead claim specific, novel and non-obvious improvements to the prior art.  In particular, any individual or combination of any prior art references does not explicitly teach or suggest: the ability for a server to dynamically activate and deactivate service provider (agent) devices within the defined location-based session area based on their inactivity and by doing so has the ability to improve the load of requests that are distributed to the service provide devices by reducing the number of devices redistributing the load of requests to the active device within the context of a session area and the pairing of members between user and agents within the session area based on prior amount of interaction activities, a responsiveness to an electronically monitored task that is regulated by a timer initiated by the server, a recurrence within said session area, and an amount of time spent within said session area.

## NEIGHBORFAVOR'S INFRINGING INSTRUMENTALITIES

24.     Defendant Neighborfavor operates a service-delivery logistical service under the brand name "Favor," in connection with a variety of instrumentalities, including networking methods, networking systems, mobile software applications and a computer network operated and controlled by Neighborfavor (the "Favor Network" and collectively, the "Favor Infringing Instrumentalities.")

25.     The Favor Network interfaces with a downloadable mobile application operating on mobile devices associated with Favor Customers (the "Favor Customer Mobile App,") a downloadable mobile software application operating on mobile devices associated with delivery personnel known as "Favor Runners" (the "Favor Runner Mobile App,") a network of mobile devices having the Favor Customer Mobile App installed thereon ("Favor Customer Mobile

Devices") and a network of mobile devices having the Favor Runner Mobile App installed thereon ("Favor Runner Mobile Devices.")

26.    Neighborfavor provides its Favor Customer Mobile App via the Google Play Store and Apple App Store.

27.    According to its promotional materials, Neighborfavor describes its Favor Customer Mobile App to Favor Customers as follows: "Favor is the easiest way to get anything you want in your city delivered to your door in under an hour. Favor delivers what you want, when you want it. Want to order Chinese food? Need to order beer or wine? Our personal assistants (we call them Runners) are ready to help with quick delivery from any of your favorite restaurants and stores. Stay safe and healthy with Doorstep Deliveries, a 100% contact-free delivery experience. Your order will be dropped off at your door, and you can still contact your Runner by text."

28.    Using the Favor Customer Mobile App, Favor Customers can request certain activities, referred to as "Requested Favors."  Requested Favors include, but are not necessarily limited to, food deliveries from restaurants affiliated with Favor.



29.     Neighborfavor provides its Favor Runner Mobile App via the Google Play Store and Apple App Store. According to its promotional materials, Neighborfavor describes its Favor Runner Mobile App to potential agents as follows: "MORE THAN A DELIVERY DRIVER We deliver anything our customers need: tacos, groceries, dry cleaning, you name it! We're personal assistants, not delivery drivers. DAILY PAY You receive 100% of your tips. All scheduled hours have minimum guaranteed earnings, though most runners average between $10 to $18 per hour. FLEXIBILITY Full-time or part-time, you choose your own schedule and you can even make cash by referring your friends to be Runners."

30.     The Favor Network, Favor Customer Mobile App and Favor Runner Mobile App operate together and are coordinated under the control of Favor. The Favor Network receives a prospective delivery order, referred to as a "Requested Favor," via the Favor Customer Mobile App, from a mobile device associated with a prospective Favor Customer.

31.     The Neighborfavor customers constitute a first group of users. The Neighborfavor system may also maintain a list of other subsets of customers. Neighborfavor links its customers with certain attributes and structures, which may include but are not necessarily limited to Delivery Zones.

32.      Based on Intelligent Agency's investigation, at least portions of Neighborfavor's computer network are hosted on Amazon Web Services Compute service which includes Elastic Compute Cloud ("EC2") using instances (virtual servers) and Amazon Web Services Lambda resources. Neighborfavor via its computer network predetermines which customers are part of the system and are allowed to place orders.

33.     The Neighborfavor system links a first user via a first mobile equipment apparatus. The first user is linked via a first users' smartphones, tablets, laptops and similar mobile devices. In the

Neighborfavor system, each mobile electronic communication device running the Neighborfavor Customer Mobile App is associated with at least one user.

34.     On information and belief, Neighborfavor inputs into its system the commercial establishments that are associated to its services. These establishments are located in a fixed location.

35.     On information and belief, once the Neighborfavor Customer Mobile App is running on the Neighborfavor Customer's Mobile Device and location services are enabled, the Neighborfavor Customer Mobile App can determine the geographic location of the Neighborfavor Customer Mobile Device and matches a location related to the Neighborfavor Customer Mobile Device to one of Neighborfavor 's Delivery Zones.

 

36.     On information and belief, Neighborfavor Runner can identify a particular Neighborfavor Neighborhood within a Neighborfavor Delivery Zone and set a time-related schedule during which the Neighborfavor Runner will be available to preferentially receive Requested Favors within a selected Favor Neighborhood.

37.     On information and belief, the ability to preferentially receive Requested Favors within a Favor Neighborhood during a particular time frame constitutes a time related parameter defining at least one functionality connected with that Neighborfavor Delivery Zone — which constitutes a session area.

38.     On information and belief, at least portions of Neighborfavor's computer network are hosted on Amazon Web Services Compute service which includes Elastic Compute Cloud ("EC2") using

instances (virtual servers) and Amazon Web Services Lambda resources. All the parameters and data pertaining to defining Neighborfavor Zones are stored on those servers.

39.     On information and belief, the Neighborfavor's computer network enables at least one communication functionality. Neighborfavor enables customers to browse restaurants and products on their smartphones. Those indicia pertain to restaurants that belong to the Neighborfavor's neighborhood, that is part of the Delivery Zone.

40.     On information and belief, Neighborfavor links a second group of agents or Runners though their smartphones. The group is predetermined. Every Runner must have a login. The predetermination is controlled by Neighborfavor since Neighborfavor can delete or suspend Runners IDs from the system.

41.     On information and belief, the second group of agents is linked to the session area. Runners are associated with a neighborhood and/or a Delivery Zone. A neighborhood is a subset of a Delivery Zone.

42.     On information and belief, the Favor Network determines a location and other attributes related to the Favor Customer Mobile Device associated with the Requested Favor, the location and related attributes associated with one or more product or service providers associated with the Requested Favor and the location and related attributes of one or more Favor Runner Mobile Devices associated with Favor Runners in order to select a particular Favor Runner Mobile Device for handling of the Requested Favor.

43.     On information and belief, the Favor Network determines which Favor Runner Mobile Device will be selected to handle the Requested Favor and enables the selected Favor Runner Mobile Device to facilitate the transaction via the Favor Runner Mobile App.

44.     On information and belief, the Favor Network selectively enables and disables Favor Runner Mobile Devices depending on certain conditions for participation generated by the Favor Network. This involves generation of certain Favor-controlled participation conditions associated with the digital identifier associated with the Favor Runner Mobile Device running the Favor Runner Mobile App, wherein

the Favor-controlled participation condition selectably enables and disables the Favor Runner Mobile Device associated with the Favor Runner's digital identifier and executing the Favor Runner Mobile App.

45.     According to information published by Favor, a Favor Runner Mobile Device running the Favor Runner Mobile App may be enabled or disabled by the Favor Network according to certain conditions, including, but not limited to, settings and preferences on the Favor Runner Mobile Device and software application.

46.     On information and belief, Neighborfavor maintains Runner Schedules, which constitute priority lists of preferred Neighborfavor Runners who have noted their availability to accept Requested Favors within certain space and time constraints.  Neighborfavor will remove a Neighborfavor Runner Digital Identifier from a Runner Schedule when the Neighborfavor Runner's acceptance rate for Requested Favors falls below a predetermined threshold.

47.     On information and belief, removal from a Neighborfavor Runner Schedule significantly impacts the priority for that Neighborfavor Runner Mobile Device and opportunity to be selected and matched with Requested Favors.  Certain Neighborfavor Runner Mobile Devices are eligible to make use of an "Early Assignment" mechanism.

48.     On information and belief, under Neighborfavor's Early Assignment mechanism, the Neighborfavor Runner Mobile Device is presented with Requested Favors before the present Requested Favor is completed. Neighborfavor enables and disables Neighborfavor Runner Mobile Devices to participate in Early Assignment depending on certain factors, including the past record of acceptances and declines or instances of ignoring requests for Favors associated with the Neighborfavor Runner Mobile Device.

49.     On information and belief, a Neighborfavor Runner Mobile Device is to be activated to participate in prospective business transactions by performing Requested Favors. This is done by first

activating the Neighborfavor Runner Mobile App on a Neighborfavor Runner Mobile Device. Once the Neighborfavor Runner Mobile App is running on the Neighborfavor Runner Mobile Device, the Neighborfavor Runner Mobile App signals to the system that the digital identifier associated to the Runner can be consigned to the list of agent digital identifiers (IDs) that are available to participate in the method.

50.     On information and belief, Neighborfavor maintains Runner Schedules, which constitute priority lists of preferred Neighborfavor Runners who have noted their availability to accept Requested Favors within certain space and time constraints. Neighborfavor may, e.g., remove a Neighborfavor Runner Digital Identifier from a Runner Schedule when the Neighborfavor Runner's acceptance rate for Requested Favors falls below a predetermined threshold.

51.     On information and belief, removal from a Neighborfavor Runner Schedule significantly impacts the priority for that Neighborfavor Runner Mobile Device and opportunity to be selected and matched with Requested Favors.

52.     On information and belief, some Neighborfavor Runner Mobile Devices are eligible to make use of an "Early Assignment" mechanism. Under Neighborfavor 's Early Assignment mechanism, the Neighborfavor Runner Mobile Device is presented with Requested Favors before the present Requested Favor is completed. Neighborfavor enables and disables Neighborfavor Runner Mobile Devices to participate in Early Assignment depending on certain factors, including the past record of acceptances and declines or ignoring requests for Favors associated with the Neighborfavor Runner Mobile Device. Ignoring requests may imply leaving the timer expire.

53.     On information and belief, the enabling and disabling is regulated by prompting a timer functionality. Neighborfavor implements numerous timed functionalities. There is, e.g., a timer to accept a requested Favor.

54.     On information and belief, the Neighborfavor system will stop sending supplementary requests for interaction for at least a predetermined amount of time. On information and belief, a runner

that is pinged multiple times and has allowed the timer associated to the request for Favors expire a number of times will be considered by the Neighborfavor system as unavailable.

55.     On information and belief, the load of incoming requests for pairing between IDs of members of the first group of users with the plurality of IDs of the second group of agents or Favor runners associated with said plurality of agent equipment apparatuses is redistributed among said plurality of agent equipment apparatuses.

56.     On information and belief, a Favor customer cannot determine which IDs belong to the subset of active Runner's IDs that are available for pairings. The Neighborfavor's computer network will determine which Runner's IDs are part of an active roster of agents.

57.     On information and belief, a Runner's equipment apparatus is selected based on the responsiveness to an electronically monitored task that is regulated by a timer initiated by Neighborfavor 's server.

58.     On information and belief, Neighborfavor provides indicia pertaining to the agent's equipment, e.g., means to contact the agent's equipment apparatus once a pairing has occurred.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,395,093

59.     Plaintiff is the owner of the '093 Patent, including all rights to recover for past, present and future acts of infringement.

60.     On information and belief, Neighborfavor is infringing one or more claims of the '093 Patent, either literally or under the doctrine of equivalents,

61.     Claim 1 of the '093 Patent, for example, is directed to a method for location-based machine-assisted interactions.

62. On information and belief, the Favor Network performs a method for location-based machine-assisted interactions.

63. A Requested Favor received by the Favor Network from a Favor Customer Mobile Device running the Favor Customer Mobile App constitutes a "machine-assisted interaction," which is then facilitated by the Favor Network.

64. In the context of a Requested Favor being facilitated by the Favor Network, Favor constitutes a "principal."

65. In the context of a Requested Favor being facilitated by the Favor Network, a Favor Runner constitutes an "agent."

66. In the context of a Requested Favor being facilitated by the Favor Network, mobile devices used by Favor Runners constitute "agent equipment apparatuses."

67. Each mobile device owned by a Favor Runner is associated with a unique digital identifier, which constitutes an "ID."

68. In the context of a Requested Favor being facilitated by the Favor Network, a Favor Customer constitutes a "user."

69. Within Favor's transaction facilitation method, a Favor Customer Mobile Device constitutes a "first mobile equipment apparatus."

70. Each mobile device owned by a Favor Customer is associated with a unique digital identifier, which constitutes a "user digital identifier."

71. On information and belief, the Favor Network applies geographic criteria designed to facilitate a situation in which a Favor Customer Mobile Device generating a Requested Favor

and a Favor Runner Mobile Device handling a Requested Favor be within the same geographic area.  This constitutes a "location-based parameter."

72.     The method of Claim 1 of the '093 Patent comprises, in part: linking a first user, belonging to a predetermined first group of users, with a session area according to at least one location-based parameter via a first mobile equipment apparatus associated with said first user, wherein said session area is anchored to one fixed reference location and said session area is one area whose borders, predetermined functionalities, and associated data are controlled, at least in part, by a server serving at least one principal.

73.     The Favor Network incorporates linking a customer, belonging to a predetermined first group of customers, with a Delivery Zone according to at least one location-based parameter via a customer's mobile device associated with the customer, wherein the Delivery Zone is anchored to a restaurant and the Delivery Zone is one area whose borders, predetermined functionalities, and associated data are controlled, at least in part, by a server serving Neighborfavor.

74.     Thus, the functionality of the Favor Network comprises, in part: linking a first user, belonging to a predetermined first group of users, with a session area according to at least one location-based parameter via a first mobile equipment apparatus associated with said first user, wherein said session area is anchored to one fixed reference location and said session area is one area whose borders, predetermined functionalities, and associated data are controlled, at least in part, by a server serving at least one principal.

75.     The method of Claim 1 of the '093 Patent further comprises, in part: enabling at least one communication functionality, wherein said first user receives digital indicia related to said session area via said first mobile equipment apparatus.

76.     The Favor Network enables communication modules, wherein the customer receives personalized information such as, e.g., information regarding restaurants related to the Delivery Zone  via the customer's mobile device.

77.     Thus, the Favor Network enables at least one communication functionality, wherein the first user receives digital indicia related to the session area via the first mobile equipment apparatus.

78.     The method of Claim 1 of the '093 Patent further comprises, in part: linking a predetermined second group of agents associated with a plurality of agent equipment apparatuses to said session area.

79.     The Favor Network links a predetermined second group of Favor Runners associated with a plurality of Favor Runners' mobile devices to the  Favor Delivery Zone .

80.     Thus, the Favor Network links a predetermined second group of agents associated with a plurality of agent equipment apparatuses to the session area.

81.     The method of Claim 1 of the '093 Patent further comprises, in part: dynamically enabling and disabling a plurality of IDs, belonging to said predetermined second group of agents associated with said plurality of agent equipment apparatuses, wherein said dynamically enabling and disabling allows and disallows the participation to a pool of active IDs of an agent equipment apparatus among said plurality of agent equipment apparatuses by prompting a timer functionality associated to said agent equipment apparatus and when said server serving at least one principal does not receive a predetermined data signal from said agent equipment apparatus before the expiration of said timer functionality then said server serving at least one principal stops sending

supplementary requests for interactions to said agent equipment apparatus for at least a predetermined time window.

82.     The Favor Network dynamically enables and disables a plurality of IDs, belonging to the predetermined second group of Favor Runners associated with the plurality of Favor Runners' mobile equipment apparatuses, wherein the dynamically enabling and disabling allows and disallows the participation to a pool of active IDs of a Favor Runner's mobile device among said plurality of Favor Runners' mobile devices by prompting a timer functionality associated to the Favor Runner's mobile device and when the server serving Neighborfavor does not receive a predetermined data signal such as an acceptance for a Favor signal from the Favor Runner's mobile device before the expiration of the timer functionality then the server serving Neighborfavor stops sending supplementary requests for interactions to the Favor Runner's mobile device for at least a predetermined time window.

83.     Thus, the Favor Network dynamically enables and disables a plurality of IDs, belonging to said predetermined second group of agents associated with said plurality of agent equipment apparatuses, wherein said dynamically enabling and disabling allows and disallows the participation to a pool of active IDs of an agent equipment apparatus among said plurality of agent equipment apparatuses by prompting a timer functionality associated to said agent equipment apparatus and when said server serving at least one principal does not receive a predetermined data signal from said agent equipment apparatus before the expiration of said timer functionality then said server serving at least one principal stops sending supplementary requests for interactions to said agent equipment apparatus for at least a predetermined time window.

84.     The method of Claim 1 of the '093 Patent further comprises, in part, that a load of incoming requests for pairing between IDs of members of said predetermined first group of users

with said plurality of IDs belonging to said predetermined second group of agents associated with said plurality of agent equipment apparatuses is redistributed among said plurality of agent equipment apparatuses; wherein said first user has no control over said pool of active IDs.

85.     Within the Favor Network, a load of incoming requests for pairing between IDs of Favor customers with the plurality of IDs belonging to the Favor Runner group associated with their mobile devices is redistributed among the plurality of Favors' Runner mobile devices; wherein the customer has no control over the pool of active IDs.

86.     Thus, within the Favor Network, a load of incoming requests for pairing between IDs of members of said predetermined first group of users with said plurality of IDs belonging to said predetermined second group of agents associated with said plurality of agent equipment apparatuses is redistributed among said plurality of agent equipment apparatuses; wherein said first user has no control over said pool of active IDs.

87.     The method of Claim 1 of the '093 Patent further comprises, in part: selecting said agent equipment apparatus based, on at least one of a prior amount of interaction activities data, a responsiveness to an electronically monitored task that is regulated by a timer initiated by said server serving at least one principal, a recurrence within said session area data, and an amount of time spent within said session area data, such that a pairing between said agent equipment apparatus and said first equipment apparatus occurs.

88.     The Favor Network selects the Favor Runner's mobile device based, on at least one of a prior amount of interaction activities data such as an acceptance rate data, a responsiveness to an electronically monitored task that is regulated by a request such as a request for Favor timer initiated by the server serving Neighborfavor, a recurrence within the Favor Delivery Zone data,

and an amount of time spent within the Favor Delivery Zone data, such that a pairing between a Favor Runner's mobile device and the customer's mobile device occurs.

89.     Thus, the Favor Network selects said agent equipment apparatus based, on at least one of a prior amount of interaction activities data, a responsiveness to an electronically monitored task that is regulated by a timer initiated by said server serving at least one principal, a recurrence within said session area data, and an amount of time spent within said session area data, such that a pairing between said agent equipment apparatus and said first equipment apparatus occurs.

90.     The method of Claim 1 of the '093 Patent comprises, in part: providing indicia pertaining to said agent equipment apparatus to said first mobile equipment apparatus.

91.     The Favor Network provides indications or clues pertaining to the Runner's mobile device to the customer's mobile device such as e.g., time to delivery which is related to the Runner's position, indications about communicating with the Runner's mobile device, et cetera.

92.     Thus, the Favor Network provides indicia pertaining to said agent equipment apparatus to said first mobile equipment apparatus.

93.     Accordingly, the transaction facilitation method performed by the Favor Network meets each limitation set forth in Claim 1 of the '093 Patent, and thus infringes Claim 1 of the '093 Patent.

94.     Neighborfavor has, either directly or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents, used, operated, provided, supplied, distributed, offered for sale, sold, and/or provided access to the Favor Infringing Instrumentalities.

95.     The Favor Infringing Instrumentalities meet each limitation set forth in Claim 1 of the '093 Patent, either literally or equivalently, and therefore infringe at least Claim 1 of the '093 Patent.

96.     Neighborfavor's use, operation, provision, supply, distribution, offer for sale, sale and/or provision of access to the Favor Infringing Instrumentalities covered by the '093 Patent has been conducted without a license, authority, or permission of Intelligent Agency.

97.     Neighborfavor's unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to the Favor Infringing Instrumentalities, and methods and apparatuses covered by the '093 Patent, constitutes patent infringement under at least 35 U.S.C. § 271(a).

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by a jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Intelligent Agency respectfully requests that this Court enter:

a.      A judgment in favor of Intelligent Agency that Neighborfavor has infringed the '093 Patent;

b.      A permanent injunction enjoining Neighborfavor and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '093 Patent;

c.      A judgment and order requiring Neighborfavor to pay Intelligent Agency its damages, costs, expenses, and pre-judgment and post-judgment interest for Neighborfavor's

infringement of the '093 Patent as provided under 35 U.S.C. § 284;

      d.      An award to Intelligent Agency for enhanced damages resulting from the knowing and deliberate nature of Neighborfavor's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

      e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Intelligent Agency its reasonable attorneys' fees; and

      f.      Any and all other relief to which Intelligent Agency may show itself to be entitled.

Dated:  July 24, 2023               Respectfully Submitted,

                          By:  /s/ Kenneth Thomas Emanuelson_____
                               Kenneth Thomas Emanuelson
                               Texas State Bar No. 24012591
                               **THE EMANUELSON FIRM, P.C.**
                               17304 Preston Road, Suite 800
                               Dallas, Texas 75252
                               469-363-5808
                               Ken@Emanuelson.us

                               Steven E. Ross *
                               Texas Bar No. 17305500
                               **MAXUS LEGAL PLLC**
                               5050 Quorum Drive, Suite 700
                               Dallas, Texas 75254
                               Phone: 972-661-9400
                               Facsimile: 972-661-9401
                               Email: sross@maxuslegal.com

                               **ATTORNEYS FOR PLAINTIFF**
                               **INTELLIGENT AGENCY, LLC**

*Motion for Admission *Pro Hac Vice* to be filed